DeAnne Casperson, Esq. (ISB No. 6698)
dcasperson@workandwage.com
Amanda E. Ulrich, Esq. (ISB No. 7986)
aulrich@workandwage.com
Ryan S. Dustin, Esq. (ISB No. 8683)
rdustin@workandwage.com
CASPERSON ULRICH DUSTIN PLLC
356 W. Sunnyside Road, Suite B
Idaho Falls, Idaho 83402
Telephone: (208) 524-0566
Facsimile: (208) 745-2523

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOHN CLEMENTS,<br><br>                    Plaintiff,<br>v.<br><br>CLARK COUNTY, a political subdivision of the State of Idaho; NICK HILLMAN, in his individual and official capacity as County Commissioner; GREG SHENTON, in his individual and official capacity as County Commissioner'; and MACOY WARD, in his individual and official capacity as County Commissioner,<br><br>                    Defendants. | Case No. _____<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>Filing Fee: $402.00 |

COMES NOW, John Clements, by and through his counsel, Casperson Ulrich Dustin PLLC and for cause of action against Defendants Clark County, Nick Hillman, Greg Shenton, and MaCoy Ward alleges and complains as follows:

## JURISDICTION AND VENUE

1.     This action is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq.; 42 U.S.C. § 1983, and the common and statutory law of the state of Idaho.

1- COMPLAINT AND DEMAND FOR JURY TRIAL

2.    Venue in this action properly lies in the United States District Court for the District of Idaho, Eastern Division, pursuant to 28 U.S.C. § 1391(b) because the claims arose in this judicial district. Venue also properly lies in this district pursuant to 42 U.S.C. § 12117 because the unlawful employment practices were committed in this judicial district.

## PARTIES

3.    Plaintiff John Clements ("Clements" or "Plaintiff") is a male citizen and a resident of the United States of America, who resides in Howe, Idaho.

4.    Defendant Clark County ("County") is a political subdivision of the State of Idaho.

5.    Defendant Nick Hillman ("Hillman") is a resident of Clark County, Idaho, and at times material to this Complaint, was a County Commissioner for Clark County, Idaho.

6.    Defendant Greg Shenton ("Shenton") is a resident of Clark County, Idaho, and at times material to this Complaint, was a County Commissioner for Clark County, Idaho.

7.    Defendant MaCoy Ward ("Ward") is a resident of Clark County, Idaho, and at times pertinent to this Complaint, was a County Commissioner for Clark County, Idaho.

8.    At all times material to this Complaint, the County regularly employed fifteen or more persons, and was engaged in an industry affecting commerce, bringing Defendant within the ambit od Idaho Code § 18-7301; Idaho Code § 67-5901, *et seq.;* 42 U.S.C. §2000e, *et seq.*; and 42 U.S.C. § 12111.

## FACTS COMMON TO ALL COUNTS

9.    Clements realleges and incorporates by reference paragraphs 1 through 8 above, as though fully set forth herein.

10.    Clements began working for the County on or about October 2014, as a deputy sheriff.

11.    During the time he worked as deputy sheriff, Clements's schedule was twelve-hour shifts, four days on, four days off.

2- COMPLAINT AND DEMAND FOR JURY TRIAL

12.     During his workdays, Clements was either on call or on duty and was required to remain in the County and was not allowed to leave.

13.     Clements did not receive overtime compensation for any hours over 40 per week except when on Idaho Department of Transportation grants.

14.     On or about January 11, 2021, Clements took office as sheriff in the County.

15.     At the time he became sheriff, the County employed two deputy sheriffs, Bill Stadman and Richard Lundberg.

16.     In June 2022, Richard Lundberg resigned as deputy sheriff to take a position in Jefferson County.

17.     In July or August 2022, the County hired Rick Donahue to replace Richard Lundberg.

18.     In September 2022, Bill Stadman resigned as deputy sheriff on three days' notice to take a position in Bonneville County.

19.     Rick Donahue left for six weeks of post training in Boise on Bill Stadman's last day as deputy sheriff.

20.     Even though Rick Donahue had been hired, because he was in training for six weeks, Clements was the only law enforcement officer employee on duty in Clark County, working both his normal shift as sheriff and the regular shifts the deputy sheriff's would normally work.

21.     As soon as Clements learned Richard Lundberg was planning to leave the county for another position in Jefferson County, he began asking the County Commissioners for authorization and funding to hire another deputy.

22.     Clements told the Commissioners Brandon Knight was testing for the position of deputy sheriff.

23.     Brandon Knight was certified and trained and could have started as deputy sheriff right
        away.

24.     The Defendant commissioners and the county prosecutor made it clear to Clements they
        would not hire Brandon Knight because the prosecutor would not allow him to testify in
        court.

## INVESTIGATION OF COMMISSIONER SHENTON

25.      In June or July 2022, Clements opened an investigation into the misuse of public funds
        by Commissioner Greg Shenton.

26.     Clements received complaints from several residents in the County about Commissioner
        Shenton using his position as commissioner and water master to siphon funds from the
        County.

27.     The County prosecutor told Clements he could not investigate Commissioner Shenton
        and instructed him to shut down the investigation.

28.     Clements initially refused to shut down the investigation.

29.     Clements finally ended the investigation when he found that Commissioner Shenton's
        conduct was not criminal in nature.

## ONLY LAW ENFORCEMENT OFFICER

30.     Between September 10, 2022, and November 30, 2022, Clements was the only law
        enforcement employee of the County, except for the times when Brandon Knight was
        allowed to assist with accidents or investigations.

31.     Prior to this time, and repeatedly during this time, Clements raised concerns with the
        County Commissioners about the public safety implications of having only one law
        enforcement officer in the County to cover all law enforcement duties 24 hours a day,
        seven days a week for three months.

32.     Clements repeatedly asked the Commissioners to temporarily employ law enforcement officers to cover some break periods for him, as Clark County temporarily hired and used law enforcement officers from neighboring counties to cover staffing shortages in the past.

33.     However, the Commissioners said Clements could use his budget as he pleased, but the budget was not big enough to hire additional deputies except for the few times they allowed Brandon Knight to fill in.

34.     Because of the Commissioners' refusal to temporarily bring on deputies from other counties to cover time off for Clements, Clements worked nearly all day and night without any breaks, except a few hours' sleep most nights and one evening when he arranged to have the Idaho State Police cover the County so Clements could take his wife to dinner on their anniversary.

35.     On or about November 12, 2022, Clements began to reach a breaking point, physically.

36.     That evening he stopped by the Search and Rescue Banquet at the elementary school in Dubois.

37.     While at the banquet, he began to experience blurred vision and pressure in his eye.

38.     He went to Madison Memorial Hospital that night.

39.     The doctors at Madison Memorial Hospital told him he had pressure in the eye and referred him to a specialist the following Monday.

40.     They released him from the hospital in the early morning hours of November 13, 2022.

41.     Clements returned home to rest for an hour or two before returning to his duties as sheriff.

42.    Several weeks prior, Clements arranged with Idaho State Police to cover the county while he took his wife to Idaho Falls for their anniversary on the evening of November 13, 2022.

43.    During the late afternoon or evening of November 13, 2022, as Clements was on his way to Idaho Falls with his wife, he began to experience extreme pain in his back. He called the Clark County jail doctor, Dr. Jones. Having had kidney stones in the past, Clements had a strong suspicion that was what was causing the pain he was experiencing. Dr. Jones called in a prescription for pain and to help pass the kidney stones.

44.    After picking up the prescription, on or about November 14, 2022, Clements drove back to Clark County and was back on duty that day because there was no other law enforcement officer in Clark County.

45.    On or about November 15, 2022, Clements collapsed twice: once in the courtroom and once in the hallway of the courthouse.

46.    After Clements collapsed on or about November 15, 2022, he decided he could no longer endure the stress and exhaustion of being the only on-duty law enforcement officer employee of the County.

47.    He submitted a letter of resignation on or about November 16, 2022, announcing his last day would be November 30, 2022.

48.    Commissioner Ward reached out to Clements to ask what they could do to prevent him from leaving. Clements said they needed to increase wages for deputies and dispatch and let him hire Brandon Knight full time.

49.    After Clements left Clark County, the commissioners hired Brandon Knight as deputy sheriff despite their previous protestations against his hire.

## COUNT I
## VIOLATION OF FAIR LABOR STANDARDS ACT
### (29 U.S.C. § 201, et seq.)

50.    Plaintiff realleges and incorporates by reference paragraphs 1 through 49 as though fully set forth herein.

51.    Plaintiff worked as both sheriff and deputy sheriff, at times concurrently.

52.    Between October 2014 and January 2021, Clements worked exclusively as a deputy sheriff. After he took office as sheriff in January 2021, he worked exclusively as sheriff until September 10, 2022, when he was forced to work as both sheriff and deputy sheriff because he was the only law enforcement officer on duty in the county.

53.    Prior to taking office as sheriff, Clements worked 12-hour shifts, four days per week and was off four days. He was on call when he was not on duty during each 4-day shift but did not receive compensation for being on call.

54.    From September 10, 2022, to November 30, 2022, Plaintiff was the only law enforcement officer in Clark County, except the night of November 13, 2022, when a state trooper covered for him while he took his wife to Idaho Falls.

55.    During the period between September and November 2022, Plaintiff worked as sheriff for 40 hours per week and also worked and functioned as deputy sheriff.

56.    During that time, Plaintiff worked as deputy sheriff between eight and 16 hours per day without compensation.

57.    Plaintiff is entitled to minimum wage and overtime for the hours worked in excess of the hours he worked as sheriff.

58.    Defendants willfully violated the Fair Labor Standards Act by requiring Plaintiff to work overtime as a deputy between October 2014 and January 2021 and not paying or compensating Plaintiff for said overtime.

59. Defendants willfully violated the Fair Labor Standards Act by requiring Plaintiff to work without breaks and without relief between September 10, 2022, and November 30, 2022.

60. Plaintiff is entitled to liquidated damages for the uncompensated hours he worked.

61. Plaintiff was forced to enlist the services of an attorney to pursue his claims and is entitled to reasonable attorney's fees for pursuing this claim.

## COUNT II
## VIOLATION OF 42 U.S.C. § 1983
## FREEDOM OF MOVEMENT/RIGHT TO TRAVEL

62. Plaintiff realleges and incorporates by reference paragraphs 1 through 61 as though fully set forth herein.

63. Between September 10, 2022, and November 30, 2022, Commissioners Hillman, Shenton, and Ward required Plaintiff to remain physically within the boundaries of Clark County, even when not on duty, as a requirement of his employment. The only exception being when he arranged to have ISP cover the county while he went to Idaho Falls for his anniversary the evening of November 13, 2022, and returning early on November 14, 2022.

64. Defendants acted under color of law and with reckless and conscious disregard of Plaintiff's constitutional right to freedom of movement in intentionally restricting Plaintiff's freedom to move about and leave the County by requiring that he remain in the County at all times.

65. Defendants' actions were done by the final policymakers for the County or were ratified by such.

66. Defendant's restriction of Plaintiff's freedom of movement and/or right to travel was unwarranted and unjustified.

67. As a direct and proximate result of Defendants' actions, Plaintiff has suffered and will continue to suffer emotional distress.

68. As a direct and proximate result of Defendants' actions, Plaintiff has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities.

69. Plaintiff is entitled to general and compensatory damages in an amount to be proven at trial, as well as any other equitable remedies available to him.

70. Defendants' willful conduct and reckless disregard for Plaintiff's federally protected rights entitle Plaintiff to punitive damages pursuant to 42 U.S.C § 1981a(a).

## COUNT III
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

71. Plaintiff realleges and incorporates by reference paragraphs 1 through 70 as though fully set forth herein.

72. Defendant, through its commissioners, intentionally refused to hire a sufficient number of deputy officers.

73. Defendant showed reckless disregard for Plaintiff's well-being by refusing to authorize the hiring of Brandon Knight or any other deputy and forcing Plaintiff to work around the clock without relief.

74. Defendant's expectation that only one law enforcement officer could cover an entire county 24 hours a day, without rest or relief was extreme and outrageous.

75. Defendant, acting by and through its commissioners in forcing Plaintiff to work as the only law enforcement officer in the county, intentionally or recklessly caused Plaintiff to suffer severe emotional distress.

76. Plaintiff's distress and exhaustion was so severe it caused him to collapse in the courthouse twice, admit himself to the hospital, and suffer kidney stones.

77.     These actions caused Plaintiff to suffer severe emotional distress, including physical manifestations of such emotional distress including insomnia, anxiety, pressure on the eye, kidney stones, a loss of 30 to 35 pounds.  Consequently, Plaintiff is entitled to general damages, such amount to be determined at trial.

## COUNT IV
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

78.     Plaintiff realleges and incorporates by reference paragraphs 1 through 77 as though fully set forth herein.

79.     Acting by and through its commissioners, Defendants had a duty to Plaintiff to provide a sufficient number of law enforcement officers to cover all shifts and allow rest periods for each.

80.     Additionally, Defendants had a duty to ensure public safety by providing Plaintiff with a sufficient number of law enforcement officers to cover all shifts and allow rest periods for each.

81.     Defendant breached those duties by failing or refusing to hire a sufficient number of deputy officers.

82.     As a direct and proximate result of Defendant's conduct, Plaintiff collapsed in the courthouse twice from exhaustion, checked himself into the hospital due to pressure on his eye, and suffered kidney stones.

83.     As a further direct and proximate result of Defendant's conduct, Plaintiff was forced to resign, take a deputy sheriff position in another county with lower pay, and move his residence to that other county.

84.     These actions caused Plaintiff to suffer severe emotional distress, including physical manifestations of such emotional distress including insomnia, anxiety, pressure on the eye, kidney stones, a loss of 30 to 35 pounds. Consequently, Plaintiff is entitled to general damages, such amount to be determined at trial.

**COUNT V**
**VIOLATION OF THE IDAHO WAGE CLAIM ACT**
**(Idaho Code § 45-601, et. seq.)**

85.     Plaintiff realleges and incorporates by reference paragraphs 1 through 84 as though fully set forth herein.

86.     By requiring Plaintiff to work without compensation between eight and 16 hours per day for over two months, Defendants violated the Idaho Wage Claim Act.

87.     As a direct and proximate result of Defendants' violations of the Idaho Wage Claim Act, Plaintiff is entitled to monetary damages for the time he worked without compensation, plus treble damages.

88.     By requiring Plaintiff to work without compensation between eight and 16 hours per day for approximately three months, Defendants violated the Idaho Wage Claim Act.

89.     Plaintiff was forced to enlist the services of an attorney to pursue his claims and is entitled to reasonable attorney's fees for pursuing this claim.

**COUNT VI**
**WRONGFUL TERMINATION (CONSTTRUCIVE DISCHARGE) IN VIOLATION OF PUBLIC POLICY**

90.     Plaintiff realleges and incorporates by reference paragraphs 1 through 89 as though fully set forth herein.

91.     Pursuant to Idaho Code § 31-817, Defendants have a duty to fill "all vacancies that may occur in county offices, except in members of the county board."

92.     On multiple occasions, Plaintiff asked Defendant Commissioners to authorize the hiring of additional deputies to fill the vacancies left by Rick Lundberg and Bill Stadman.

93.     Defendant Commissioners hired Rick Donahue, but he required six weeks of training in Boise, which left Plaintiff as the sole law enforcement officer in the County for over two months.

94. Defendants violated the public policy of Idaho by failing to fill all vacancies in county offices as required by statute.

95. As a direct and proximate result of Defendants' actions and/or failures to act, Plaintiff was forced to resign as sheriff in what amounts to constructive discharge and has suffered and will continue to suffer a loss of earnings and other employment-based job opportunities. Plaintiff is thereby entitled to damages, such amount to be proven at trial, as well as other equitable remedies available to him.

### COUNT VII
### VIOLATION OF THE PROTECTION OF PUBLIC EMPLOYEES ACT
### IDAHO CODE § 6-2104

96. Plaintiff realleges and incorporates by reference paragraphs 1 through 95 above, as though fully set forth herein.

97. Plaintiff communicated in good faith the existence of waste of public funds and/or property, and a violation or suspected violation of a law, rule, or regulation of the state of Idaho, a political subdivision of the state of Idaho, or the United States.

98. Such communications included concerns and initiating an investigation of one of the Commissioners for misappropriation of government funds.

99. Additionally, Plaintiff reported concerns about public safety and the Commissioners' failure to fill the vacant deputy position, resulting in Plaintiff being the only law enforcement officer in the County for approximately three months.

100. The communication was made at a time and in a manner that gave Defendants a reasonable opportunity to correct the waste or violation.

101. Defendants took adverse action against Plaintiff because of his good faith report of waste of public funds and/or property, and/or violation or suspected violation of a law, rule, or

regulation of the state of Idaho, a political subdivision of the state of Idaho, or the United States.

102.    By wasting public funds and refusing to act when Plaintiff communicated the existence of the waste, Defendants engaged in conduct which constituted willful or reckless misconduct.

103.    After Plaintiff reported the waste of public funds Defendants refused his requests to hire additional law enforcement officers in the County.

104.    In retaliation for Plaintiff's good faith reports, Defendants constructively discharged Plaintiff by forcing Plaintiff to work under unreasonable conditions to the point of exhaustion.

105.    As a direct and proximate result of Defendants' actions and or failure to act, Plaintiff has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff has also suffered non-economic damages including emotional distress damages. Plaintiff is therefore entitled to general and compensatory damages, in an amount to be proven at trial, as well as any equitable remedies available to him.

## **ATTORNEY'S FEES**

106.    As further direct and proximate result of the Defendants' actions and/or failures to act, Plaintiff has been compelled to retain the services of counsel, and has thereby incurred and will continue to incur costs and attorney's fees which should be required to be paid by Defendants pursuant to Idaho Code §§12-117 and 12-121; *Hummer v. Evans,* 923 P.2d 981, 987 (Idaho 1996); 29 U.S.C. § 216(b); and 42 U.S.C. §1988.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury as to all issues triable to a jury in this action.

## **PRAYER FOR RELIEF**

Plaintiff seeks the judgement of the Court against Defendants as follows:

1.     For general and compensatory damages, and all other statutorily available damages, in an amount to be proven at trial;

2.     For any equitable remedies available to him;

3.     For statutorily available costs and attorney's fees;

4.     For prejudgment interest on all amounts claimed and;

5.     For such other and further relief as the Court deems just and proper.

DATED this 10th day of May 2023.

By:     ___/s/_____

Ryan Dustin, Esq.
CASPERSON ULRICH DUSTIN, PLLC