UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOHN CLEMENTS,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CLARK COUNTY, a political subdivision of the State of Idaho; NICK HILLMAN, in his individual and official capacity as County Commissioner; GREG SHENTON, in his individual and official capacity as County Commissioner; and MACOY WARD, in his individual and official capacity as County Commissioner,<br><br>　　　　Defendants. | Case No. 4:23-cv-00244-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Plaintiff John Clements' Motion for Leave to File a Second Amended Complaint and Demand for Jury Trial. Dkt. 8. Defendants did not respond, and the time to do so has now passed. The matter is now ripe.

Having reviewed the record and briefs, the Court finds the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motion without oral argument. Dist.

Idaho Loc. Civ. R. 7.1(d)(1)(B). Upon review, and for the reasons set forth below, the Court GRANTS the Motion.

## II. BACKGROUND

On May 10, 2023, Clements filed his Complaint (Dkt. 1) bringing claims against Clark County and several of its officers (collectively, the "County") for violations of various state and federal laws. His claims all stem from his former employment with the County. On June 19, 2023, Clements filed his First Amended Complaint (Dkt. 4) as a matter of course, and the government answered (Dkt. 5). On September 29, 2023, Clements filed the instant Motion for Leave to File a Second Amended Complaint. The parties submitted a Joint Discovery Plan (Dkt. 12), and on January 10, 2024, the Court entered a Scheduling Order (Dkt. 14).

## III. LEGAL STANDARD

"Once a district court ha[s] filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 . . . establish[ing] a timetable for amending pleadings," Rule 16's standards control any motion to amend the pleadings. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992) (cleaned up). Rule 16 provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

Rule 16's good cause inquiry focuses primarily on "the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. "Rule 16 was designed to facilitate more efficient disposition of cases by settlement or by trial. If disregarded it would 'undermine the court's ability to control its docket, disrupt the agreed-upon course of the

MEMORANDUM DECISION AND ORDER - 2

litigation, and reward the indolent and the cavalier.'" *Walker v. City of Pocatello*, 2017 WL 1650014 at *1 (D. Idaho May 1, 2017) (quoting *Johnson*, 975 F.2d at 610). The Ninth Circuit has instructed that a "district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson*, 975 F.2d at 609 (quoting Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)). Put simply, "good cause" means scheduling deadlines cannot be met despite a party's diligence. 6A Wright, Miller & Kane, Federal Practice and Procedure § 1522.1 at 231 (2d ed.1990).

If the party seeking amendment establishes "good cause" under Rule 16, the party then must demonstrate that amendment is also proper under Rule 15. *Johnson*, 975 F.2d at 609. Under Rule 15 of the Federal Rules of Civil Procedure, leave to amend a pleading should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend lies within the sound discretion of the trial court, which "must be guided by the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). The Rule 15 "policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (cleaned up).

### IV. ANALYSIS

Ordinarily, once a scheduling order is in place, the Rule 16 "good cause" standard governs a motion to amend. In this case, although a Scheduling Order was issued on January 10, 2024, no such order was in place at the time Clements filed his Motion in 2023.

Accordingly, the broad Rule 15 standard applies (and, regardless, Clements meets the good cause standard for reasons set forth below).

In his Motion, Clements asks the Court to allow amendment so he can add an additional § 1983 claim for retaliation in response to his exercise of First Amendment rights.[1] He claims that under Rule 15's liberal standards the Court should allow amendment because justice requires it. The Court agrees.

Clements alleges that after the County responded to his First Amended Complaint, it instituted a new policy barring him (and only him) from entering Clark County, even to conduct business in his role as deputy sheriff in Butte County. Clements argues this policy was instituted as retaliation against him for filing this lawsuit. The new retaliation claim Clements seeks to add to his Complaint arises from that conduct, which occurred *after* (and, allegedly, because) this lawsuit was commenced, and *after* the First Amended Complaint had been filed. Since these facts did not exist at the time Clements filed his First Amended Complaint, he could not have included them therein. Additionally, Clements was diligent in bringing the Motion once these facts were known. Accordingly, the Court GRANTS Clements' Motion to Amend.

## V. ORDER

The Court HEREBY ORDERS:

1. Clements' Motion to Amend (Dkt. 8) is GRANTED.

---

[1] Plaintiff also seeks to make several other minor amendments, including removing paragraph 7 of the First Amended Complaint, and adding additional facts to Count II of the First Amended Complaint.

2. Clements must file a clean version of his Amended Complaint (Dkt. 8-1) within seven days of the date of this order.

DATED: March 11, 2024

David C. Nye
Chief U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 5